SIGNED THIS: January 22, 2015

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA EUGENE OWENS, | ) | Case No.: 13-82007 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOSHUA EUGENE OWENS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No.: 14-8009 |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION and | ) | |
| ST. AMBROSE UNIVERSITY, | ) | |
| Defendants. | ) | |

### O P I N I O N

The Debtor, Joshua E. Owens (DEBTOR), is seeking a discharge of his student loans under 11 U.S.C. § 523(a)(8) on the theory that excepting these debts from discharge would impose an undue hardship on him. He owes approximately $100,000 to the Department of Education (the DOE) and an additional $13,655.90 to St. Ambrose University. The matter was tried on November 13, 2014.

The DEBTOR is 33 years of age and is single with no dependents. His post-secondary education began at Blackhawk College in 2002, where he earned over 100 credit hours. He transferred to St. Ambrose University in 2004, graduating in May, 2008, with a bachelor's degree in computer network administration. In the fall of 2008, he began a master's program at St. Ambrose, earning a master's degree in organizational leadership in December, 2010. The DEBTOR'S grade point average was 2.95 as an undergraduate and 3.65 in the master's program.

In 1997, the DEBTOR was diagnosed as suffering from anxiety and depression, with obsessive-compulsive tendencies, and has since been on an antidepressant medication. He testified that the medication is working and that his medical condition does not affect his employability. He is otherwise in good health.

The DEBTOR has been unable to find a job in his field. Since obtaining a master's degree, his employment has largely consisted of part-time tutoring in math, reading and writing. He has also earned small amounts as a handyman. His federal income tax returns show that his adjusted gross income was $1,644 in 2010; $1,334 in 2011; $7,174 in 2012; and $3,630 in 2013. He testified that he had no earned income in 2014.

The DEBTOR testified that since obtaining a master's degree, his job search efforts have included mailing out resumes and submitting applications on-line. During the three-year period from 2011 to 2013, he sent out approximately thirty resumes per year. He was unable to estimate how many on-line applications he submitted. He testified that he gave up searching for a job and submitted no applications in 2014.

From 2003 to 2008, the DEBTOR was employed on a part-time basis, for 15-20 hours per week, as a program aid for the Boys and Girls Club. In 2009, he worked part-time at

Auto Zone and also held a temporary, full-time position at John Deere for three months, earning $15.25 per hour. In 2011, he served an internship with a child abuse council. He also worked for four months in 2010 for a party store. The DEBTOR speaks Spanish and studied in Ecuador in 2007 on a government scholarship.

The DEBTOR lives with his stepsister. He drives a 1999 Pontiac Bonneville titled in his mother's name. He receives nutrition assistance benefits (food stamps) from the State of Illinois of $46 per month. His health expenses are covered through Medicaid. When the DEBTOR filed his Chapter 7 petition on October 23, 2013, he listed his income as $500 per month from One-on-One Learning. His scheduled monthly expenses totaled $467 including $200 in rent, $100 for food, $20 for clothing, $40 for medical expenses, $80 for transportation, and $27 for auto insurance.

According to the DOE's records, the DEBTOR owed $99,258.75 as of March 12, 2014. According to St. Ambrose's records, the DEBTOR owed $13,655.90 as of November 4, 2014. The DOE loans have been consolidated and the DEBTOR has obtained several forbearances and deferments. The DEBTOR has never made any payments on any of the student loans.

## **ANALYSIS**

Under section 523(a)(8) of the Bankruptcy Code, educational loans are nondischargeable "unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor." Proving "undue hardship" requires the debtor to show:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans;

  (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

  (3) that the debtor has made good faith efforts to repay the loans.

*Matter of Roberson,* 999 F.2d 1132, 1135 (7th Cir. 1993), quoting from *Brunner v. New York State Higher Education Services Corp.,* 831 F.2d 395, 396 (2nd Cir. 1987).

  The catch-phrase "certainty of hopelessness" has been used to condense the second prong of the *Brunner* test. *See Roberson,* 999 F.2d at 1136, quoting from *In re Briscoe,* 16 B.R. 128, 131 (Bankr.S.D.N.Y. 1981). Recently, however, the Seventh Circuit has warned against allowing "judicial glosses, such as the language in *Roberson* and *Brunner,* to supersede the statute itself," noting that the phrase "certainty of hopelessness" sounds more restrictive than the statutory term "undue hardship."[1] *Krieger v. Educational Credit Management Corp.,* 713 F.3d 882, 884-85 (7th Cir. 2013). More helpful is *Brunner's* widely accepted phraseology that "requiring evidence not only of current inability to pay but also of additional, exceptional circumstances, strongly suggestive of continuing inability to repay over an extended period of time, more reliably guarantees that the hardship presented is "undue." *Roberson,* 999 F.2d at 396.

  Both the DOE and St. Ambrose concede that the DEBTOR, based on his present circumstances, cannot maintain a minimal standard of living if forced to repay the loans. They contend that the DEBTOR has not carried his burden to prove the second element of the *Brunner* test, characterizing the DEBTOR as young, healthy and well educated, with no significant impediment to future employment.

---

[1] It could be argued that the *Brunner* test, creating a three-part test not found in the statutory language, is itself judicial gloss, however understandable given the vagueness of the undue hardship standard. For better or worse, *Brunner* has been widely adopted, including by the Seventh Circuit, where it has been applied on a regular basis since *Roberson*.

With respect to *Brunner's* second prong, this Court agrees with the Defendants that the DEBTOR has failed to prove the existence of "additional, exceptional circumstances, strongly suggestive of continuing inability to repay over an extended period of time." By way of contrast, in the *Krieger* case, the debtor was 52 years of age, had used the student loans to obtain a paralegal degree and a bachelor's in legal studies, and didn't file for bankruptcy relief for nine years after obtaining her degree, during which time she never worked. Here the DEBTOR is 33 years of age, has a bachelor's in computer network administration and a master's degree. Although he has not yet obtained a job in his field, the Court is not persuaded that the DEBTOR'S lack of employment is likely to continue indefinitely.

The DEBTOR argues that what sets his case apart is his medical condition. His own testimony is clear, however, that his condition is readily controlled with medication and does not prevent him from working. No expert testimony was offered and there is no evidence in the record to support the argument that his condition is a substantial impediment to employment. While the debtor in *Krieger*, under extreme circumstances, may have been justified in dropping out of the workforce and out of the "money economy," 713 F.3d at 885, there is no similar justification for the DEBTOR, who is at the front end of his working years.

The Defendants also contend that *Brunner's* third prong has not been proved, relying on the DEBTOR'S failure to pay any amount of the loans and his failure to apply for an income contingent repayment plan. They also contend that he has not made substantial enough efforts to find employment. They emphasize that the DEBTOR filed his

5

bankruptcy case less than three years after earning his master's degree. The DEBTOR contends that the fact that he has consolidated his loans and applied for and been granted several deferments, satisfies the requirement of a good faith effort to repay the loans.

Loan consolidations are usually obtained for the convenience of being able to make a single monthly payment, rather than multiple payments, and often afford a reduced rate of interest. Deferments and forebearances afford a way for the borrower to retain or be restored to a non-default status without having to make a payment. The third *Brunner* prong contemplates payment efforts, not administrative reconfigurations that merely adjust the contractual terms or the borrower's default status.

Although section 523(a)(8) says nothing about a debtor's payment efforts, the *Brunner* test does, and this Court is obligated to enforce the good faith payment requirement as written. Again using *Krieger* as a point of comparison, the debtor in that case never had any post-loan earnings from which to make loan payments. But she did pay a significant sum on her student loans from a divorce settlement and made several smaller payments thereafter. Here the DEBTOR has paid nothing on the loans and sought bankruptcy relief less than three years after the loans went into payment status.

The amount of time that has lapsed between the debtor obtaining a degree and filing for bankruptcy relief is a factor that is important to the good faith inquiry. *In re Azwar*, 326 B.R. 165, 174 (10th Cir.BAP 2005); *In re Wilcox,* 265 B.R. 864, 870 (Bankr.N.D.Ohio 2001). While courts, under extreme circumstances, have found a good faith effort to repay even where no payments have been made, it is difficult to see how a young, healthy, employable person with a master's degree, who has made no payments and filed bankruptcy within

6

three years of his degree, could be determined to have satisfied this requirement. This Court determines that the DEBTOR has not proved that he has made a good faith effort to repay the loans.

The DEBTOR has failed to prove the second and third prongs of the *Brunner* test and the Defendants are entitled to judgment. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###